Reza Torzkadeh (CA Bar No. 249550)
**THE TORKZADEH LAW FIRM**
11601 Wilshire Blvd. Ste. 500
Los Angeles, CA 90025
Tel: (310) 935-1111 / Fax: (800) 979-0262
E-mail: Reza@TorkLaw.com

Attorneys for Plaintiff
Tracy Horn

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY HORN,<br><br>　　　　Plaintiff(s),<br><br>　　v.<br><br>PERFORMANT RECOVERY, INC.;<br>and DOES 1-10, Inclusive,<br><br>　　　　Defendant(s). | Case No. 2:16-cv-3014<br><br>COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FDCPA (15 U.S.C. §§ 1692, *et. seq.*)<br><br>JURY TRIAL DEMANDED |

NOW COMES plaintiff TRACY HORN, by and through her attorneys, The Torkzadeh Law Firm, in her claim for damages against defendant(s) PERFORMANT RECOVERY, INC.; and DOES 1-10, Inclusive. Upon information and belief, Plaintiff alleges as follows:

### I. INTRODUCTION

1. This is a consumer action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et. seq.*, that was enacted by the United States Congress after it found abundant evidence of the use of abusive,

**TORK**

deceptive and unfair collections practices by many debt collectors contributing to personal bankruptcies, marital instability, loss of jobs and invasions of individual privacy.  Congress intended the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who do refrain from using abusive debt collection practices are not competitively disadvantaged and to promote consistent State action to protect consumers against debt collections abusers.

## II. JURISDICTION

2.   Subject matter jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k(d).  Supplemental jurisdiction exists for the state law claims, if any, pursuant to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201, 2202.

3.   This action arises out of Defendant's violations of the FDCPA, 15 U.S.C. § 1692, *et. seq.*  While many of the violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## III. VENUE

4.   Venue is this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d) in that Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. PARTIES

5.   Plaintiff TRACY HORN is a natural person residing in San Diego County, California.  At all relevant times, Plaintiff was and is a "consumer" within the meaning of 15 U.S.C. § 1692(a)(3).

6. Defendant PERFORMANT RECOVERY, INC. ("PERFORMANT") is a corporation organized under the laws of the state of California and its principal place of business is located at 333 N. Canyons Pkwy. Ste. 100, Livermore, Alameda County, CA 94551. PERFORMANT may be served as follows: Performant Recovery, Inc., c/o CT Corporation System, the registered agent for service of process, 818 W. 7th Ste. Fl. 2, Los Angeles, CA 90017. Upon information and belief, the principal business of PERFORMANT is the collection of defaulted consumer debt using the mails, telephone and other instrumentalities of interstate commerce and PERFORMANT regularly attempts to collect, both directly and indirectly, consumer debt asserted to be due another. PERFORMANT is thus a "debt collector" per 15 U.S.C. § 1692a(6).

7. Defendant DOE is an unknown individual or business entity engaged in the business of collecting defaulted consumer debt in this state. The true name of Defendant DOE is unknown to Plaintiff at this time and Plaintiff therefore sues said Defendant by such fictitious name. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant DOE was an individual, limited liability company, corporation or business entity of unknown form that has resided in, has done or is doing business in the state of California. Plaintiff will seek leave of the Court to replace the fictitious name of Defendant DOE with the true name when Plaintiff discover it. Plaintiff is informed and believes, and thereon alleges, that Defendant DOE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). Plaintiff is informed and believes, and thereon alleges, that Defendant DOE is vicariously liable to Plaintiff for the acts of PERFORMANT.

8. At all relevant times, each Defendant has committed acts, caused others to commit acts, ratified the commission of acts or permitted others to commit acts

alleged herein and has made, caused, ratified or permitted others to make the untrue or misleading representations alleged herein.

9. Each reference herein to "Defendant," "Defendants" or a specifically named Defendant refers to each of the DOE defendants sued under fictitious names. Each reference herein to any act of "Defendant," "Defendants" or a specifically named defendant shall mean that each Defendant acted individually and jointly with the other Defendants. Unless otherwise indicated, the use of any Defendant's name herein includes all agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers of that Defendant.

## V. FACTUAL ALLEGATIONS

10. On a date or dates unknown to Plaintiff, Plaintiff allegedly incurred a financial obligation or debt arising out of a consumer credit account: a private student loan. The debt was incurred primarily for personal, family or household purposes and is thus a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. Plaintiff is informed and believes, and thereon alleges, that sometime after Plaintiff defaulted on her consumer credit account, the defaulted debt was placed with PERFORMANT for the purpose of collection from Plaintiff.

12. Following placement of the debt for collection, PERFORMANT initiated a series of phone calls to Plaintiff's work, located at 11601 Wilshire Blvd., Los Angeles, CA 90025, for the purpose of collecting Plaintiff's debt. Defendant did not place the calls to Plaintiff's work for the purpose of acquiring Plaintiff's location information. In fact, Defendant never inquired in any way with Plaintiff's work about Plaintiff's location information. At all relevant times, Defendant knew Plaintiff's home address, cell phone number, work address and work phone

number. In the messages PERFORMANT left at Plaintiff's work, its agents refused to provide PERFORMANT'S business name or the nature of the call, saying only they would like to speak to Plaintiff regarding a personal business matter.

13. In one such call, on April 30, 2015, PERFORMANT'S employee/agent, Kevin Little, provided his phone number, provided his personal name and said it was a personal business matter. Mr. Little did not provide Plaintiff's work any further information. Mr. Little made no inquiries about Plaintiff's location information. This phone call was, at the time, the latest in a series of calls Mr. Little had already placed to Plaintiff's work. Plaintiff's work never asked Mr. Little to call back. Plaintiff's work, the first time speaking with Mr. Little, in taking a message for Plaintiff thereby confirmed her current employment status and otherwise would have provided complete location information regarding Plaintiff had Mr. Little ever inquired. Mr. Little had no permissible purpose placing multiple phone calls to Plaintiff's work.

14. On or about April 30, 2015, Plaintiff returned Mr. Little's phone call. Mr. Little refused to provide Plaintiff any information whatsoever about his identity or the nature of the call until Plaintiff agreed to first provide her name, address, date of birth and the last four digits or her social security number. Thereafter, Mr. Little identified PERFORMANT only as "PRI" and instructed Plaintiff to pay a debt regarding a student loan.

15. Though Defendant made contact with Plaintiff by phone, Defendant never mailed Plaintiff a written notice of any kind related to the debt.

///

///

## VI. FIRST CAUSE OF ACTION:
## VIOLATION OF THE FDCPA (15 U.S.C. §§ 1692, *ET. SEQ.*)

16. Plaintiff brings this first claim for relief against Defendant under the FDCPA, 15 U.S.C. §§ 1692, *et. seq*.

17. Plaintiff incorporates all preceding paragraphs in this Complaint as though fully set forth herein.

18. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

19. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

20. The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

21. Defendant has violated the FDCPA. The violations include, but are not limited to, the following:

   a. Defendant failed, in multiple phone calls, to meaningfully disclose its identity in phone messages left with Plaintiff's work. Said conduct was intended to induce Plaintiff to unwittingly return the call in an attempt to get Plaintiff to pay the debt. Defendant's conduct runs afoul of the FDCPA in that it violates 15 U.S.C. § 1692d(6);

   b. Defendant failed, in multiple phone calls and messages left with Plaintiff's work, to disclose that the communication was from a debt collector and was being made for the purpose of collecting a debt. Said conduct was intended to induce Plaintiff to unwittingly return the call in an attempt to get Plaintiff to pay the debt. Defendant's conduct runs afoul of the FDCPA in that it violates 15 U.S.C. § 1692e(11);

///

**TORK**

    c.    Defendant more than once communicated with Plaintiff's work despite having no intention of acquiring location information. Neither Plaintiff nor Plaintiff's work requested Defendant to continue calling. Defendant's conduct was intended to embarrass Plaintiff in front of her coworkers and colleagues. Defendant's conduct runs afoul of the FDCPA in that it violates 15 U.S.C. §§ 1692b(3), 1692c(b), 1692d;

    d.    Defendant failed to meaningfully disclose its identity in a phone conversation with Plaintiff and provided a false name for Defendant's business: "PRI" instead of "Performant Recovery, Inc." Said conduct was intended to intimidate Plaintiff and induce Plaintiff to pay the debt. Defendant's conduct runs afoul of the FDCPA in that it violates 15 U.S.C. §§ 1692d(6), 1692e(14); and

    e.    Defendant failed within five days after its initial communication with Plaintiff to send written notice as required by 15 U.S.C. § 1692g(a).

22. Defendant's acts as described above were done knowingly and intentionally with the purpose of coercing Plaintiff to pay her debt.

23. As a result of Defendant's violations of the FDPCA, Plaintiff has been caused to suffer mental anguish by way of embarrassment, shame, anxiety, fear, and feelings of despair.

24. As a result of Defendant's violations of the FDPCA, Plaintiff is entitled to an award of statutory damages, actual damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

### VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court:

a) Assume jurisdiction in this proceeding;

**TORK**

b) Declare that Defendant violated the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692b(3), 1692c(b), 1692d, 1692d(6), 1692e(11), 1692e(14), and 1692g(a);

c) Award Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Award Plaintiff the maximum amount of statutory damages available pursuant to 15 U.S.C. § 1692k(a)(2);

e) Award Plaintiff the costs of this action and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

f) Award Plaintiff such other and further relief deemed proper and just.

Date: <u>May 2, 2016</u>                    Respectfully submitted,

**THE TORKZADEH LAW FIRM**

By: <u>/s/ Reza Torkzadeh</u>
    Reza Torkzadeh (SBN: 249550)

ATTORNEYS FOR PLAINTIFF

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TRACY HORN, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

<u>/s/ Reza Torkzadeh</u>
Reza Torkzadeh